Filed 3/3/16  P. v. Blashaw CA2/6
Received for posting 3/4/16

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MICHAEL BLASHAW,<br><br>    Defendant and Appellant. | 2d Crim. No. B263638<br>(Super. Ct. No. 14C-17814)<br>(San Luis Obispo County) |

David Michael Blashaw appeals after a jury convicted him of possessing heroin for sale (Health & Saf. Code,[1] § 11351), possessing methamphetamine (§ 11377, subd. (a)), and possessing a smoking device (§ 11364.1, subd. (a)(1)).  The trial court suspended imposition of sentence and placed appellant on probation with terms and conditions including that he serve 125 days in county jail with credit for time served.  Appellant asks us to review the sealed record of the in camera proceedings held in accordance with *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), on his motions to quash the search warrant and suppress the evidence obtained against him.  He also contends that his motions

_____

[1] Statutory references are to the Health and Safety Code unless otherwise stated.

should have been granted because the warrant was not supported by a showing of probable cause.  We affirm.

FACTS AND PROCEDURAL HISTORY

On May 6, 2014, the Arroyo Grande Police Department executed a search warrant at appellant's residence.  Appellant and several other individuals were present at the time.  Heroin, methamphetamine, and hypodermic needles were all found on the premises.  Officers also searched appellant's cell phone and found numerous text messages regarding drug sales.

After the information was filed, appellant moved to unseal the search warrant affidavit, quash the warrant, and suppress the evidence obtained pursuant to the warrant.  After conducting an in camera *Hobbs* hearing, the trial court ordered that a redacted version of the affidavit be unsealed and produced to the defense.  The court noted it had "redact[ed] any information that might have revealed the identity of any informant, but giving [defense counsel] as much information that it could in that regard."

The unsealed portions of the search warrant affidavit indicated that over the course of the preceding five months the police had received information regarding drug sales activity at appellant's residence.  On one occasion, the affiant officer saw a woman leave the residence on foot, engage in a drug transaction with someone in a vehicle a short distance away.  On another occasion, the driver subjected to a traffic stop told the police he had just left appellant's residence after meeting with someone there to buy marijuana.  On yet another occasion, someone immediately outside of appellant's residence and a bicyclist were observed engaging in what appeared to be a drug transaction.  The individuals were detained and both were found to be in possession of narcotics.  The affiant also referred to two individuals who had been found in possession of methamphetamine shortly after leaving appellant's residence, one of whom had retrieved a backpack from the residence that contained narcotics.  A known narcotics dealer had also exchanged

2

test messages with appellant indicating that the dealer wanted to "pick up" more drugs from him. Another known drug user had overdosed while at appellant's residence. Moreover, appellant has several prior drug-related convictions including possession of a controlled substance for sale.

Based on its review of the affidavit, the court found that "even with the redactions, there's ample probable cause for the warrant's issuance." Appellant's motion to quash the warrant and suppress the evidence was accordingly denied.

DISCUSSION

Appellant seeks our review of the *Hobbs* proceedings and contends the evidence against him should have been suppressed as the result of a warrant issued without probable cause. Having reviewed the sealed record, we conclude that the court fully complied with *Hobbs* and correctly ordered that only part of the search warrant affidavit be unsealed. The court also properly found that the affidavit provided probable cause for issuance of the warrant.

A defendant may move to suppress evidence obtained as the result of a search warrant on the ground there was no probable cause for the issuance of the warrant. (Pen. Code, § 1538.5, subd. (a)(1)(B)(iii).) If the defendant moves to quash the search warrant, "the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. [Citations.]" (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

Pursuant to *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any part of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing. . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is

3

properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972

We independently review the court's decision to unseal only a portion of the search warrant affidavit. (See *People v. Martinez* (2005) 132 Cal.App.4th 233, 241-242.) Because appellant's sole purpose in attacking the search warrant is to suppress the evidence obtained during the search, we determine whether "the trial court's express or implied findings of fact . . . are supported by substantial evidence. However, we use our independent judgment to determine whether those facts establish probable cause. [Citation.]" (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1716.)

Based upon our review of the transcripts of the in camera proceedings, we conclude the court did not err in refusing to unseal the entire search warrant affidavit or in determining which portions had to remain under seal in order to maintain the confidentiality of confidential informants.

We also agree with the court's finding that the affidavit provided probable cause for issuance of the warrant. Appellant's claim to the contrary is based solely on the unsealed portion of the affidavit. Aside from the fact that the sealed affidavit contains additional evidence of probable cause, the information produced to appellant is sufficient by itself to make the requisite showing. Appellant's claim to the contrary downplays this information and ignores the reasonable inferences of guilt that arise therefrom. Probable cause for a search warrant "exists when the information on which the warrant is based is such that a reasonable person would believe that what is being sought will be found in the location to be searched. [Citation.]" (*People v. Stanley* (1999) 72 Cal.App.4th 1547, 1554.) The information at issue here amply supports such a finding.

4

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo
_____

California Appellate Project, Jonathan B. Steiner, Richard B Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.